ROBERTS, Justice.
The point for determination in this case is whether the City of Miami Beach, appellant here and defendant below, is estopped from refusing to issue an “open bar” liquor license to the E. J. Smith Company, plaintiff-appellee. The lower court so held in a. suit brought -by the company to manda-torily enjoin the issuance of such a license-by the city, and the city has appealed.
The city is authorized and is willing to-issue a “service bar” license to the company but refused to issue an “open bar” license for the reason that to do so would violate the provisions of Chapter 24710, Laws of' Florida, Special Acts of 1947, which specifically limits the city to the issuance of only-one such license for each 1,500 persons in-, the city according to the last preceding federal census.
We need go no further in our discussion.' of the question here presented. Even if it be assumed that the facts relied upon by ther *313 company as working an estoppel against the city were sufficient under the general principles of estoppel — and we have grave doubt that they are — we do not think this principle should be applied where to do so would extend the power ánd authority of a city beyond that lawfully granted to it by the Legislature. It is generally so held by the courts of other states. See 39 Am.Jur., Municipal Corporations, Sec. 668, p. 374; 23 A.L.R.2d 1429; 1 A.L.R.2d 349. This being the admitted effect of the decree appealed from, it cannot stand.
Accordingly, the decree appealed from should be and it is hereby
Reversed.
DREW, C. J.,- THOMAS', J., and MORROW, Associate Justice, concur.